UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

CIVIL ACTION NO.                                              **FILED ELECTRONICALLY**

UNITED STATES OF AMERICA                                                 PLAINTIFF

VS.
## COMPLAINT

DANIELLE G. PINGLETON                                                    DEFENDANTS
As Administrator of the Estate of Tammy Pingleton
2150 Verona Mt. Zion Road
Dry Ridge, KY 41035

DANIELLE G. PINGLETON
Individually, as Heir of Tammy Pingleton
2150 Verona Mt. Zion Road
Dry Ridge, KY 41035

THE UNKNOWN SURVIVING SPOUSE OF TAMMY PINGLETON
Serve:          via Warning Order Attorney

THE UNKNOWN HEIRS OF TAMMY PINGLETON
Serve:          via Warning Order Attorney

THE UNKNOWN SPOUSES OF HEIRS OF TAMMY PINGLETON
Serve:          via Warning Order Attorney

CAPITAL ONE BANK
Serve:          Capital One Bank
                c/o Kentucky Secretary of State
                700 Capital Avenue, Suite 86
                Frankfort, KY  40601

PORTFOLIO RECOVERY ASSOCIATES, LLC
Serve:          Portfolio Recovery Associates, LLC
                c/o National Registered Agents Inc.,
                Registered Agent
                400 West Market Street,
                Suite 1800,
                Louisville, KY 40202

DCM SERVICES, LLC

Serve:     DCM Services, LLC
           c/o C T Corporation System,
           Registered Agent,
           306 West Main Street,
           Suite 512,
           Frankfort, KY 40601

ARROW FINANCIAL SERVICES, LLC
Serve:     Arrow Financial Services, LLC
           c/o Kentucky Secretary of State
           700 Capital Avenue, Suite 86
           Frankfort, KY  40601

* * * * *

Comes the plaintiff, the United States of America, by and through counsel, and for its Complaint and cause of action against the defendant(s) states as follows:

1.  This mortgage foreclosure action is brought by the United States of America on behalf of its Department of Agriculture, Rural Development (formerly known as the Farmers Home Administration and as the Rural Economic and Community Development Service (hereinafter "RD"), pursuant to Title 28, United States Code Section 1345.

2.  On or about March 20, 1992, Tammy Pingleton, a single person, for value received, executed and delivered to RD a promissory mortgage note (the "Note") in the principal amount of $52,500.00, bearing interest at the rate of 8.250 percent per annum. Commencing April 20, 1992, principal and interest were payable in monthly installments of $387.00 due on the 20th day of each month until March 20, 2025, at which time the final installment of the outstanding principal and interest was due and payable. A copy of the Note is attached hereto marked Exhibit A, and is hereby incorporated by reference as if set forth at length herein.

3.  Contemporaneously with the execution of the Note, and to secure its payment, Tammy Pingleton, executed, acknowledged and delivered to RD a real estate mortgage

(the "Mortgage") which was recorded on March 20, 1992 in Mortgage Book 98, page 430, in the Commonwealth of Kentucky, Grant County Clerk's Office. In and by the Mortgage, Tammy Pingleton granted to RD a first mortgage lien against the real property described in the Mortgage located in Grant County, Kentucky (the "Property"). A copy of the Mortgage is attached hereto marked Exhibit B, and is hereby incorporated by reference as if set forth at length herein.

4. To further secure repayment of the Note, Tammy Pingleton, executed and delivered to RD a Subsidy Repayment Agreement confirming the right of RD to recapture, upon transfer of title or non-occupancy of the Property, any interest credits pertaining to this loan granted to Tammy Pingleton by RD. A copy of the Subsidy Repayment Agreement is attached hereto marked Exhibit C, and is hereby incorporated by reference as if set forth at length herein.

5. Upon information and belief, the Plaintiff states that on or about July 17, 1998, Tammy Pingleton, filed for Chapter 7 bankruptcy relief. Tammy Pingleton was discharged in bankruptcy on February 17, 1999.

6. Upon information and belief, the plaintiff states that Tammy Pingleton died intestate on or about March 19, 2008, and that upon her death, all of her right, title, and interest in and to the Property vested in her heirs.

7. Tammy Pingleton made payments of principal and interest on the Note from time to time, but failed to make the principal and interest payments due in accordance with the terms and provisions of the Note and the Mortgage, and is therefore in default under the terms thereof.

8. Paragraph (17) of the Mortgage provides that if default occurs in the performance or discharge of any obligation of the Mortgage, then the United States shall have the right to accelerate and declare the entire amount of all unpaid principal together with all accrued and accruing interest to be immediately due and payable and to bring an action to enforce the Mortgage, including the foreclosure of the lien thereof. Because of the default of Tammy Pingleton, as set forth above, RD has served a Notice of Acceleration of Indebtedness and Demand for Payment declaring the entire indebtedness due under the terms of the Note and the Mortgage to be immediately due and payable, said demand for payment having been refused.

9. The unpaid principal balance on the Note is $37,315.08 with accrued interest of $2,842.34 through January 22, 2011. Interest credits were granted by RD to Tammy Pingleton in the amount of $22,649.70. Amounts in escrow and other pending fees and charges to the account as provided by the loan instruments and applicable law have been charged in the amount of $1,029.16 for a total unpaid balance of $63,836.28. Interest is accruing on the unpaid balance at the rate of $8.6579 per day after January 22, 2011.

10. The Property is indivisible and cannot be divided without materially impairing its value and the value of RD's lien thereon.

11. The lien on the Property in favor of RD by virtue of the Mortgage is first, prior and superior to all other claims, interests and liens in and to the Property except for liens securing the payment of ad valorem property taxes.

12. Whether or not the Tammy Pingleton, was married at the time of her death is unknown to the plaintiff. The defendant, the Unknown Surviving Spouse of Tammy Pingleton, if same exists, may be vested with an interest in the Property by virtue of his

status as the surviving spouse of Tammy Pingleton, which said interest is junior in rank and subordinate in priority to the first mortgage lien on the Property in favor of RD. RD is entitled to a foreclosure sale of the Property free and clear of any interest therein or claim thereon in favor of the defendant, said Unknown Surviving Spouse, and the plaintiff calls upon him to come forth and assert his claim or interest in the Property, and offer proof thereof, or be forever barred.

13.  The defendant, Danielle G. Pingleton, have or may claim an interest in the Property by virtue of her status as an heir of Tammy Pingleton and/or by virtue of her status as the administrator of the Estate of Tammy Pingleton, which interests are inferior in rank and subordinate in priority to the first mortgage lien on the Property in favor of the plaintiff. RD is entitled to a foreclosure sale of the Property free and clear of any interest thereon in favor of Danielle G. Pingleton, and the plaintiff calls upon said defendant to come forth and assert her interest in or claim upon the Property, and offer proof thereof, or forever be barred. Said defendant is an adult over the age of majority.

14.  The defendants, The Unknown Heirs of Tammy Pingleton, have or may claim an interest in the Property by virtue of their status as heirs of Tammy Pingleton, which interests are inferior in rank and subordinate in priority to the first mortgage lien on the Property in favor of the plaintiff. RD is entitled to a foreclosure sale of the Property free and clear of any interest thereon in favor of the Unknown Heirs of Tammy Pingleton, and the plaintiff calls upon said defendants to come forth and assert their interests in or claim upon the Property, and offer proof thereof, or forever be barred.

15.  The defendants, The Unknown Spouses of Heirs of Tammy Pingleton, have or may claim an interest in the Property by virtue of their status as spouses of heirs of

5

Tammy Pingleton, which interests are inferior in rank and subordinate in priority to the first mortgage lien on the Property in favor of the plaintiff. RD is entitled to a foreclosure sale of the Property free and clear of any interest thereon in favor of the Unknown Spouses of Heirs of Tammy Pingleton, and the plaintiff calls upon said defendants to come forth and assert their interests in or claim upon the Property, and offer proof thereof, or forever be barred.

16.  The defendant, Capital One Bank, may claim an interest in the Property by virtue of a Notice of Judgment Lien against Tammy Pingleton recorded on October 29, 2003 in Lis Pendens Book 21, page 363, in the Commonwealth of Kentucky, Grant County Clerk's Office, a copy of which is attached hereto marked Exhibit D.  Said defendant's interest in or claim on the Property is inferior in rank and subordinate in priority to the first mortgage lien on the Property in favor of RD. RD is entitled to a foreclosure sale of the Property free and clear of any interest therein or claim thereon in favor of the defendant, Capital One Bank, and the plaintiff calls upon said defendant to come forth and assert its claim on or interest in the Property, if any, and offer proof thereof, or be forever barred.

17.  The defendant, Portfolio Recovery Associates, LLC, may claim an interest in the Property by virtue of a Notice of Judgment Lien against Tammy Pingleton recorded on July 27, 2006, in Lis Pendens Book 26, page 362, in the Commonwealth of Kentucky, Grant County Clerk's Office, a copy of which is attached hereto marked Exhibit E.  Said defendant's interest in or claim on the Property is inferior in rank and subordinate in priority to the first mortgage lien on the Property in favor of RD. RD is entitled to a foreclosure sale of the Property free and clear of any interest therein or claim thereon in

favor of the defendant, Portfolio Recovery Associates, LLC, and the plaintiff calls upon said defendant to come forth and assert its claim on or interest in the Property, if any, and offer proof thereof, or be forever barred.

18.  The defendant, DCM Services, LLC, may claim an interest in the Property by virtue of a claim against the Estate of Tammy Pingleton filed on June 2, 2008, in Probate Action 08-P-42, in the Commonwealth of Kentucky, Grant County District Court Clerk's Office, a copy of which is attached hereto marked Exhibit F.  Said defendant's interest in or claim on the Property is inferior in rank and subordinate in priority to the first mortgage lien on the Property in favor of RD. RD is entitled to a foreclosure sale of the Property free and clear of any interest therein or claim thereon in favor of the defendant, DCM Services, LLC, and the plaintiff calls upon said defendant to come forth and assert its claim on or interest in the Property, if any, and offer proof thereof, or be forever barred.

19.  The defendant, Arrow Financial Services, LLC, may claim an interest in the Property by virtue of a claim against the Estate of Tammy Pingleton filed on June 2, 2008, in Probate Action 08-P-42, in the Commonwealth of Kentucky, Grant County District Court Clerk's Office, a copy of which is attached hereto marked Exhibit F.  Said defendant's interest in or claim on the Property is inferior in rank and subordinate in priority to the first mortgage lien on the Property in favor of RD. RD is entitled to a foreclosure sale of the Property free and clear of any interest therein or claim thereon in favor of the defendant, Arrow Financial Services, LLC, and the plaintiff calls upon said defendant to come forth and assert its claim on or interest in the Property, if any, and offer proof thereof, or be forever barred.

20.  There are no other individuals or entities purporting to have an interest in or claim upon the Property known to the plaintiff.

WHEREFORE, the plaintiff, the United States of America, on behalf of RD, prays for relief as follows:

(a) That the plaintiff have an IN REM Judgment against the interests of the defendants in the Property in the principal amount of $37,315.08, plus interest in the amount of $2,842.34, as of January 22, 2011, and $22,649.70 interest credits granted plus amounts in escrow and other pending fees and charges to the account as provided by the loan instruments and applicable law in the amount of $1,029.16 for a total unpaid balance due of $63,836.28 as of January 22, 2011, with interest accruing at the daily rate of $8.6579 from January 22, 2011, until the date of entry of the Judgment, and interest thereafter according to law, plus costs, disbursements and expenses;

(b) That RD be adjudged a lien on the Property, prior and superior to any and all others liens, claims, interests, and demands, except liens for unpaid real estate ad valorem taxes; that RD's lien be enforced and the Property be sold in accordance with Title 28, United States Code, Sections 2001 - 2003, subject to easements, restrictions and stipulations of record, liens for any city, state, county, or school ad valorem taxes which may be due and payable at the time of sale; and that the proceeds from the sale be applied first to the costs of this action and the sale, second to the debt, interest, interest credits granted, costs, fees and the surcharge due RD, with the balance remaining to be distributed to the parties as their liens and interests may appear;

(c) That the Property be adjudged indivisible and be sold as a whole;

(d) That all defendants be required to Answer the Complaint and set up their respective liens, claims or interests in the Property, if any, or be forever barred; and that the foreclosure sale of the Property be free and clear of all interests therein or claims thereon in favor of all defendants; and

(e) For any and all other lawful relief to which the plaintiff may appear properly entitled.

Respectfully submitted,

By: /s/ R. Scott Pennington
Attorney for Plaintiff
300 West Short Street
Lexington, KY 40507
(ph) (859) 288-5269
(fax) (859) 231-7489
rspennington@hotmail.com

**NOTICE: THIS IS AN ATTEMPT BY A DEBT COLLECTOR TO COLLECT A DEBT. ANY INFORMATION RECEIVED WILL BE USED FOR THAT PURPOSE.  PENNINGTON LAW OFFICE IS A DEBT COLLECTOR. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**